884 F.2d 581
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Aaron Eric WEST, Petitioner-Appellant,
v.
Al C. PARKE, Respondent-Appellee.
 No. 89-5101.
 United States Court of Appeals, Sixth Circuit.
 Aug. 24, 1989.
 
 1
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and JULIA S. GIBBONS, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Aaron Eric West appeals the dismissal of his petition for writ of habeas corpus filed under 28 U.S.C. Sec. 2254. West alleged that his conviction for trafficking in narcotics is invalid because: (1) a police officer testified to the substance of the confidential informant's tip which led to West's arrest, and (2) the prosecutor improperly asked that a defense witness be warned regarding the penalty for perjury. The district court concluded that the claims are without merit and dismissed the petition. Upon consideration, we conclude that the dismissal was proper.
 
 
 4
 First, the testimony regarding an informant's tip is admissible under Kentucky law if it tends to explain subsequent police action and the propriety of the subsequent police action is in issue. See Sanborn v. Commonwealth, 754 S.W.2d 534, 541 (Ky.1988). Here, the testimony was proper because petitioner contended that police "planted" drugs on his person. In any event, the error, if any, cannot be viewed as so egregious that petitioner was denied a fundamentally fair trial. See Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988). Therefore, habeas relief was properly denied with respect to this claim.
 
 
 5
 Next, petitioner's claim of prosecutorial misconduct is without merit. The trial court promptly determined that the prosecutor's request for a perjury warning was improper and admonished the jury to disregard the request. Under these circumstances, the misconduct, if any, cannot be viewed as so egregious as to deny petitioner a fundamentally fair trial. See Donnelly v. DeChristoforo, 416 U.S. 637 (1974). Accordingly, habeas relief was properly denied with respect to this claim as well.
 
 
 6
 Therefore, the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julia S. Gibbons, U.S. District Judge for the Western District of Tennessee, sitting by designation